# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | No. 16-318V |
| JESSICA R. MARTIN, | * | Special Master Christian J. Moran |
| On behalf of KM, | * | Filed: October 23, 2017 |
| | * | |
| Petitioner, | * | |
| v. | * | Stipulation; diphtheria-tetanus- |
| | * | acellular pertussis (DTaP); |
| SECRETARY OF HEALTH AND | * | inactivated poliovirus (IPV); |
| HUMAN SERVICES, | * | Haemophilus influenza type B |
| | * | (Hib); pneumococcal conjugate |
| Respondent. | * | (PCV); rotavirus; transverse |
| | * | myelitis. |
| * * * * * * * * * * * * * * * * * * | * | |

Dan W. Bolton, III, Bolton Law, PLLC, Cary, NC, for Petitioner;
Voris E. Johnson, Jr., United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On October 20, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Jessica R. Martin, on behalf of KM, on March 11, 2016. In her petition, petitioner alleged that the diphtheria-tetanus-acellular pertussis (DTaP), inactivated poliovirus (IPV), Haemophilus influenza type B (Hib), pneumococcal conjugate (PCV) and rotavirus vaccines, which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), and which KM received on August 23, 2013, caused KM to suffer transverse myelitis ("TM"). Petitioner further alleges that KM suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on KM's behalf as a result of KM's condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the influenza vaccine caused KM to suffer TM or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

1. **A lump sum payment of $250,000.00 in the form of a check payable to petitioner as court-appointed guardian/conservator of the estate of KM. However, no payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of KM's estate;**

2. **A lump sum of $9,500.00, which amount represents compensation of past unreimbursable expenses, in the form of a check payable to petitioner, Jessica R. Martin; and,**

3. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation agreement, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-318V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

<div style="text-align:right">
S/Christian J. Moran  
Christian J. Moran  
Special Master
</div>

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JESSICA R. MARTIN, ) <br> On behalf of KM, ) <br> ) <br>         Petitioner, ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br>         Respondent. ) <br> ) | No. 16-318V <br> Special Master Moran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jessica R. Martin ("petitioner"), on behalf of her minor daughter, KM, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to KM's receipt of diphtheria-tetanus-acellular pertussis (DTaP), inactivated poliovirus (IPV), Haemophilus influenza type B (Hib), pneumococcal conjugate (PCV) and rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. KM received the DTaP, IPV, Hib, PCV and rotavirus immunizations on August 23, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that KM suffered from transverse myelitis ("TM") as a result of receiving the above-referenced vaccines. Petitioner further alleges that KM has suffered the residual effects of her TM for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of KM as a result of her condition.

6. Respondent denies that the vaccines caused KM to suffer from TM, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

>	a. A lump sum of $250,000.00, in the form of a check payable to petitioner as court-appointed guardian/conservator of the estate of KM, for the benefit of KM.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of KM's estate;

>	b. A lump sum of $9,500.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Jessica R. Martin; and,

>	c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

>	a.	A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

2

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of KM, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian/conservator of the estate of KM, as follows:

> Beginning as soon as practicable after the date of judgment, $990.12 per month for life only, increasing at three percent (3%), compounded annually from the date payments begin.

The payments provided for in this paragraph 10 shall be made as set forth above.  Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as KM is alive at the time that a particular payment is due.  Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of KM's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and petitioner's past expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of KM as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of KM's estate under the laws of

the State of North Carolina.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of KM's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of KM at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of KM upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of KM, on behalf of herself, KM, and KM's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of KM resulting from, or alleged to have resulted from the DTaP, IPV, Hib, PCV and rotavirus vaccinations administered on August 23, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about March 11, 2016, in the United States Court of Federal Claims as petition No. 16-318V.

18. If KM should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, IPV, Hib, PCV or rotavirus vaccines caused KM to suffer from TM, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of KM.

<center>END OF STIPULATION</center>

Respectfully submitted,

PETITIONER:

*Jessica R. Martin*

JESSICA R. MARTIN

ATTORNEY OF RECORD FOR PETITIONER:

*Dan W. Bolton*

DAN W. BOLTON, III, ESQ.
Bolton Law, PLLC
1000 Centre Green Way
Suite 200
Cary, NC 27513
Tel: (919) 228-6484

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*

NARAYAN NAIR, M.D.
Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 10/20/17

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*Catharine E. Reeves*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*Voris E. Johnson*

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4136