# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| JESSICA R. MARTIN, | * |
| On behalf of KM, | * |
| | *   No. 16-318V |
|                 Petitioner, | *   Special Master Christian J. Moran |
| v. | * |
| | *   Filed: October 31, 2018 |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | *   Attorneys' Fees and Costs, |
| | *   irreducible minimum. |
|                 Respondent. | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * | * |

<u>Dan W. Bolton, III</u>, Bolton Law, PLLC, Cary, NC, for Petitioner;
<u>Voris E. Johnson, Jr.</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

      Jessica Martin brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. Ms. Martin has moved for an award of her attorney's fees and costs, which includes nearly $15,000 in expenses associated with establishing and maintaining a guardianship for her daughter, KM. While the Secretary challenges Ms. Martin's statutory entitlement to reimbursement of guardianship costs, he does not challenge any of her attorney's fees. Because the undersigned finds the attorney's fees incurred by Ms.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Martin are reasonable, Ms. Martin is awarded her attorney's fees as an interim award. The question of costs will be addressed in the final fees decision.

\*   \*   \*

Represented by Dan Bolton, Ms. Martin filed her petition, on behalf of KM, for compensation on March 11, 2016. Ms. Martin claimed that the diphtheria-tetanus-acellular pertussis (DTaP), inactivated poliovirus (IPV), Haemophilus influenza type B (Hib), pneumococcal conjugate (PCV) and rotavirus vaccines, which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), and which KM received on August 23, 2013, caused KM to suffer transverse myelitis ("TM"). The parties were able to informally resolve the case, entering a joint stipulation that was then adopted. Decision, issued Oct. 23, 2017, 2017 WL 6522406. Judgment entered on Oct. 31, 2017. As part of the judgment, Ms. Martin was required to be established as KM's guardian. Stipulation at ¶ 16. Under North Carolina law, where KM and Ms. Martin reside, establishing and maintaining a guardianship requires the purchase of guardianship bonds. See Pet'r's Mot., filed Mar. 8, 2018, appd'x 3 at 1-2 (citing N.C. GEN. STAT. §35A-1232). For KM, the bond would cost over $1,000 a year.

During the spring and summer of 2018, the parties navigated the issue of Ms. Martin's request that costs associated with maintaining a guardianship for KM be compensated by the Program. Ms. Martin originally attempted to have the merits judgment amended to include these costs under Section 15(a). See Pet'r's Mot., filed Feb 19, 2018. The Secretary opposed this request. See Resp't's Resp., filed Feb. 27, 2018, at 1-3. As a result, Ms. Martin included her request in her motion for attorneys' fees and costs, under Section 15(e). See Pet'r's Fees Mot., filed Mar. 5, 2018, appd'x 3. However, the Secretary argues that Ms. Martin is not eligible for the costs under Section 15(e) either. See Resp't's Resp., filed Feb. 27, 2018, at 3-7. The parties have submitted multiple briefs on the question of whether Ms. Martin is eligible for these fees.

While the parties strongly contest Ms. Martin's eligibility for reimbursement of guardianship costs, Ms. Martin's motion for fees and costs was largely uncontested. The Secretary stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Resp't's Resp., filed Mar. 19, 2018, at 2-3.

\*   \*   \*

## I. Eligibility and Appropriateness for an Interim Award

Interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). However, the Federal Circuit has also noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. This language has been applied in the Court of Federal Claims to mean that "some special showing is necessary to warrant interim fees . . . ." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300 (2011). These are "including but not limited to the delineated factors of protracted proceedings, costly experts, or undue hardship." Id. The court also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

There is some precedent in the Vaccine Program of awarding as "interim fees" that portion of an award for final fees that is not in dispute. Referred to as the "irreducible minimum," special masters have awarded the undisputed portion of petitioners' final fees as interim fees when the circumstances called for such an award. For instance, in Masias, the undersigned awarded the "irreducible minimum" to the petitioner when the parties were likely to pursue multiple appeals of the contested portion of the award. Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 899703, at *4 (Fed. Cl. Spec. Mstr. Mar. 12, 2009), order corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013); see also Loving v. Sec'y of Health & Human Servs., No. 02-469V, 2014 WL 10558839 (Fed. Cl. Spec. Mstr. Sept. 10, 2014); Aull v. Sec'y of Health & Human Servs., No. 08-347V, 2010 WL 3743899, at *1 (Fed. Cl. Spec. Mstr. Aug. 20, 2010), Stewart v. Sec'y of Health & Human Servs., No. 06-287 V, 2010 WL 2342467, at *2 (Fed. Cl. Spec. Mstr. May 17, 2010).

As for the case at hand, Ms. Martin is entitled to an award of her reasonable fees and costs because she received compensation from the program. See 42 U.S.C. § 300aa–15(e). Thus, the question is not whether she will receive reimbursement of her fees and costs, but when.

Based on the entirety of the circumstances, the undersigned finds that without an interim award, Ms. Martin and her attorney will be faced with an undue delay in receiving uncontested fees incurred upon Ms. Martin's petition.

As an initial matter, it is important to note that Ms. Martin has already waited some time to receive reimbursement of her fees and costs. Ms. Martin started incurring fees on this petition in July 2015, she brought the petition in

3

March 2016, and judgment was entered almost exactly a year ago today. Until now, no compensation for her costs has been awarded.

More importantly, the position of the parties in this case indicates that absent an interim award of an "irreducible minimum," Ms. Martin is unlikely to receive compensation of the undisputed amount for some time. The Secretary and the petitioner firmly disagree about the eligibility of Ms. Martin to receive compensation for a substantial portion of the guardianship costs. Based on the time the parties have spent briefing the issue and the contents of those briefs, it appears that the unsuccessful party may appeal any decision. Furthermore, because the Federal Circuit has not addressed this very question and because the question is, in part, one of law, the likelihood that the Federal Circuit may be asked to resolve the question is augmented. For this reason, an award of the irreducible minimum as an interim fee award appears reasonable.

This decision on interim fees is not made at Ms. Martin's explicit request. The sua sponte nature of this decision is unusual but is, in the undersigned's opinion, appropriate. In coming to this decision, the undersigned is taking into account not only the benefit an interim award confers onto the petitioner here, but the benefit of an interim award for the objectives of the Program in general.

The Vaccine Program's objective is to provide compensation to deserving claimants. Congress recognized the importance of effective legal representation in obtaining that objective, which is why reasonable attorneys' fees and costs are awarded when a claim is supported by reasonable basis and is brought in good faith. Saunders v. Sec'y of Health & Human Servs., 25 F.3d 1031, 1036 (Fed. Cir. 1994). A delay in paying undisputed fees may cause capable attorneys to reevaluate their representation of petitioners.

For these reasons, the undersigned finds that an interim award of the undisputed portion of Ms. Martin's motion for fees and costs is appropriate. This award only addresses the portion of Ms. Martin's fees motion that relates to fees incurred by her attorney and his paralegal. Her requests for costs, including guardianship costs, will be addressed in the forthcoming final fees decision. That decision will also evaluate any attorneys' fees incurred subsequent to her initial motion for fees and costs.

## II.   Attorney and Paralegal Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

4

process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

### A.    Reasonable Hourly Rate

The petitioner requests $250.00 per hour for her attorney and $100 per hour for his paralegals. Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the local rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorney's work was done outside of the District of Columbia, in Cary, NC. The petitioner does not argue that work in Cary, NC should receive forum rates and the undersigned declines to find as much. Nonetheless, the petitioner does support the requested rates by means of a detailed and persuasive affidavit. Pet'r's Mot., filed Mar. 8, 2018, appd'x 1. Based on the affidavit and the undersigned's experience with Mr. Bolton, the requested rates are reasonable.

### B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection to any specific entries in Mr. Bolton's bill, the undersigned has reviewed the billing statement for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). A review of the billing entries indicate that all of the individual entries and the total number of hours billed are reasonable.

\*      \*      \*

For the aforementioned reasons, petitioner is awarded:

**A lump sum of $39,100 in the form of a check made payable to petitioner and petitioner's attorney, Dan Bolton, III.**

This amount represents an interim award of attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran
Christian J. Moran
Special Master
